### Omer North v. C. T. Swartz and John Wadsworth.

1. CONTEMPT OF COURT—*Disobedience of Injunction.*—Where a party obtained an injunction to prevent interference with his entering upon demised premises for the purpose of doing fall plowing, and the tenant in possession caused his arrest for a criminal trespass, *it was held* that the prosecution of the criminal proceeding for trespass was a violation of the injunction.

2. EQUITY PRACTICE—*Verification of Bills.*—It is not for parties themselves to decide whether a bill is properly verified or not, and disobey an injunction issued upon it upon their own notions of the law. A defect in the verification of the bill can not oust the court of jurisdiction.

Bill for Injunction.—Appeal from the Circuit Court of Woodford County; the Hon. JOHN H. MOFFETT, Judge, presiding.   Heard in this

court at the May term, 1898. Affirmed. Opinion filed December 14, 1898.

A. M. CAVAN and E. J. RILEY, attorneys for appellant.

A. R. RICH and THOMAS KENNEDY, attorneys for appellees.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a bill for an injunction, brought by the appellees, Swartz and Wadsworth, to restrain appellant from interfering with Wadsworth in entering upon certain premises in the possession of appellant, to do fall plowing and destroy noxious weeds growing upon the land.

Swartz, upon behalf of some heirs whom he represented, had rented the land to appellant, for a term from March 1, 1897, to March 1, 1898.

In the summer of 1897 Swartz rented a part of the land to appellee Wadsworth, for the year commencing March 1, 1898; the remainder thereof the owners (except two minor heirs) rented to Swartz.

In the fall of 1897 appellees claimed the right to enter upon the premises to do fall plowing thereon, but appellant, being then in possession, refused to permit them to do so. Appellees then obtained from the master in chancery an injunction restraining appellant from interfering with them in doing such plowing, and they thereupon entered upon the premises and commenced work at the plowing.

Appellant then entered complaint before a justice of the peace against appellees, and they were arrested upon a State warrant for criminal trespass upon the premises.

A motion was entered in the Circuit Court for a rule upon appellant to show cause why he should not be attached for contempt in violating the injunction, and upon a hearing the court held that the prosecution of the criminal proceeding for trespass was a violation of the injunction, and assessed a fine upon appellant of the costs of suit, amounting to $16.05.

A hearing was also had upon a motion to dissolve the injunction for want of equity in the bill, which motion was

North v. Swartz.

sustained by the court and the injunction was dissolved, but without damages in favor of appellant.   From these orders of the court refusing damages upon the dissolution of the injunction and assessing a fine against him for its violation, appellant prosecutes his appeal to this court, and assigns the above rulings of the court for error.

Appellees assign cross-errors upon the action of the court in dissolving the injunction.

We are of the opinion the statement of facts in the bill was sufficient upon its face to warrant the granting of the injunction, and the same having been issued, it was the duty of appellant to respect it.   This he did not do and was properly fined.   It is true the verification of the bill was defective, inasmuch as it was only sworn to upon information and belief, and that might be a sufficient reason for dissolving the injunction upon motion, but it is not for parties themselves to decide whether a bill is properly verified or not, and disobey injunctions upon their own notions of the law.

The cases cited by counsel for appellant, to the effect that it is not a contempt of court to disobey an order of a court of equity in a proceeding of the subject-matter of which equity has no jurisdiction, are not in point, for the reason that in the case at bar a court of equity clearly had jurisdiction of the subject-matter.   That there might be a defect in the verification of the bill certainly could not oust the court of jurisdiction.

There was no error in refusing damages to appellant. By his own action appellees had lost all benefit of the writ, and he had sustained no damages.   When the injunction was dissolved the tenancy of appellant had expired, and the objects of the injunction, as well as the time in which it could have done appellees any good, had long gone by, while appellees had derived no benefit whatever therefrom. Furthermore, appellant did not file, nor ask leave to file, any suggestion of damages, and it is a question whether he has properly saved the point for our consideration.

As to the cross-errors, we think they are not well

assigned. For the want of a proper verification the court was clearly warranted in dissolving the injunction. But even were this not so, under the circumstances, a continuance of the injunction in force could serve no useful purpose.

On the whole, we are of opinion there are no errors in the record requiring a reversal of the decree, and it will therefore be affirmed.